

1 ADRIENNE C. PUBLICOVER (SBN 161432)
  DENNIS J. RHODES (SBN 168417)
2 WILSON, ELSER, MOSKOWITZ,
     EDELMAN& DICKER LLP
3 525 Market Street, 17th Floor
  San Francisco, CA 94105
4 Telephone:    (415) 433-0990
  Facsimile:    (415) 434-1370
5
  Attorneys for Defendants
6 THE LIFE INSURANCE COMPANY
  OF NORTH AMERICA; THE INDUS
7 INTERNATIONAL, INC. LONG TERM
  DISABILITY PLAN; THE VENTYX, INC.
8 LONG TERM DISABILITY PLAN

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13 VALERIE ZGONC,                          ) Case No.:
                                           )
14         Plaintiff,                       ) **NOTICE OF REMOVAL OF CIVIL**
                                           ) **ACTION UNDER 29 U.S.C. §1332(e)(1)**
15    v.                                    ) **(FEDERAL QUESTION – ERISA)**
                                           )
16 THE LIFE INSURANCE COMPANY OF            )
   NORTH AMERICA; THE INDUS                 )
17 INTERNATIONAL, INC. LONG TERM            )
   DISABILITY PLAN; THE VENTYX, INC.        )
18 LONG TERM DISABILITY PLAN; and DOES 1    )
   through 20, inclusive,                   )
19                                          )
           Defendants.                      )
20 _____ )

21    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

22    **PLEASE TAKE NOTICE** that defendants Life Insurance Company of North America

23 ("LINA"), sued herein as The Life Insurance Company of North America, The Indus International,

24 Inc. Long Term Disability Plan and The Ventyx, Inc. Long Term Disability Plan (hereinafter

25 referred to as "Defendants") hereby remove this action to the United States District Court for the

26 Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the ground that

27 the action arises under the Employee Retirement Income Security Act of 1974, 29 USC § 1001 et

28

                                          1
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 PURSUANT TO 29 U.S.C. §1332(e)(1)**
**(FEDERAL QUESTION – ERISA)**

316996.1

1  seq. ("ERISA") and therefore is removable to this Court under 28 U.S.C. section 1441(b); and that

2  the foregoing facts were true at the time that the Complaint in this matter was filed and remain true

3  as of the date of the filing of this notice of removal, as more fully set forth below.

4      1.    On November 13, 2007, plaintiff filed in the Superior Court of California, in and for

5  the County of San Francisco, a civil action entitled *Valerie Zgonc v. The Life Insurance Company*

6  *of North America; The Ventyx, Inc. Long Term Disability Plan; and Does 1 through 20, inclusive,*

7  *Defendants*, bearing Case No. CGC-070469133. (the "Complaint")

8      2.    On November 15, 2007, plaintiff filed a First Amended Complaint entitled *Valerie*

9  *Zgonc v. The Life Insurance Company of North America; The Indus International, Inc. Long Term*

10  *Disability Plan; The Ventyx, Inc. Long Term Disability Plan; and Does 1 through 20, inclusive,*

11  *Defendants.*

12      3.    The Summons was dated November 13, 2007.  A copy of the summons and

13  Complaint was served on LINA on December 5, 2007.  A true, correct, and complete copy of the

14  summons and complaint served on LINA is attached hereto as Exhibit "1".  Each and every

15  allegation stated in the Complaint is incorporated by reference into this notice for purposes of this

16  removal.

17      4.    Defendants have filed this notice of removal within 30 days after receipt of a copy

18  of any pleading, motion, order or other paper from which it was first ascertained that the case is

19  one which is removable, specifically the First Amended Complaint.

20      5.    The other defendants named in the Complaint are merely fictitious parties identified

21  as Does 1 through 20 whose citizenship shall be disregarded for purposes of this removal.  *Fristos*

22  *v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

23      6.    As demonstrated by the following, this action is a civil action over which this Court

24  has jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to

25  the provisions U.S.C. §§ 1332, 1441 and 1446 as it involves a federal question.

26  **SUBJECT MATTER JURISDICTION**

27      1.    This Court has jurisdiction under 28 U.S.C. section 1441(b) for matters arising

28  

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 PURSUANT TO 29 U.S.C. §1332(e)(1)**
**(FEDERAL QUESTION – ERISA)**

316996.1

1   under ERISA.   Plaintiffs' claims are based on ERISA and brought pursuant to 29 U.S.C. §§

2   1132(a)(1)(B)1104(a)(1), 1109, 1132(a)(2) and 1132(a)(3).   Claims arising under federal law and

3   thus are removable to federal court.   *Metropolitan Life Ins. Co. v. Taylor*, 481 US 58, 66, 107 S.Ct.

4   1542, 1547 (1987).    This complete preemption operates to confer original federal subject matter

5   jurisdiction. Based on the facts set forth below, which were true at the time the Complaint was

6   filed and remain true as of the date of filing of this Notice of Removal, this action is governed by

7   ERISA and therefore properly removed to this Court.

8         2.    Plaintiff alleges that she is entitled to long term disability benefits under the group

9   policy issued by LINA to her employer Indus International, Inc.  (The Complaint, par. 5), under a

10   policy issued by LINA, Ploicy number SLK 00300027.  (*Id.*)   The enforcement of rights under

11   this policy is governed concurrently by federal law and ERISA.  *Pilot Life Ins. Co. v. Dedeaux,*

12   481 U.S. 41 (1987). (*See also, Stuart v. Unum* 217 F.3d 1145, 1150 (9th Cir. 2000).

13   **CONCLUSION**

14         1.    Therefore, Defendants file this Notice of Removal of this action from the Superior

15   Court of the State of California in and for the County of San Francisco, in which it is now pending,

16   to the United States District Court for the Northern District of California.

17         2.    True and correct copies of all process, pleadings, orders and documents pertaining

18   to this action (and which have been served upon LINA, or which were served or filed by LINA in

19   this action) are attached hereto as Exhibit "1."  LINA is informed and believes, and thereon

20   alleges, that other than the pleadings attached to this notice of removal, there have been no further

21   pleadings, process, or orders filed in this action.

22         3.    A Notice to State Court And To Adverse Party is being filed with the Superior

23   Court of the State of California in and for the County of San Francisco, and will be served on

24   plaintiff.

25

26

27

28   3

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 PURSUANT TO 29 U.S.C. §1332(e)(1)**
**(FEDERAL QUESTION – ERISA)**

316996.1

WHEREFORE, Defendants pray that this action be removed from the Superior Court of the State of California in and for the County of San Francisco to the United States District Court for the Northern District of California.

Date: December _14_, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:_____
ADRIENNE C. PUBLICOVER
DENNIS J. RHODES
Attorneys for Defendants
THE LIFE INSURANCE COMPANY
OF NORTH AMERICA; THE INDUS
INTERNATIONAL, INC. LONG TERM
DISABILITY PLAN; THE VENTYX, INC.
LONG TERM DISABILITY PLAN

---

4
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 PURSUANT TO 29 U.S.C. §1332(e)(1)**
**(FEDERAL QUESTION – ERISA)**

316996.1

## CERTIFICATE OF SERVICE

*Valerie Zgonc v. The Life Insurance Company of North America, et al.*
*San Francisco Superior Court Case #CGC-07-0469133*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 29 U.S.C. §1332(e)(1) (FEDERAL QUESTION – ERISA)**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→    : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

   : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

   : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

   : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Terrence J. Coleman, Esq.
Brian H. Kim, Esq.
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Tel:    (415) 433-8000
Fax:    (415) 433-4816

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **December 14, 2007**, at San Francisco, California.

_____
Nancy Li

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441 PURSUANT TO 29 U.S.C. §1332(e)(1) (FEDERAL QUESTION – ERISA)**

316996.1

Exhibit 1

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
12/06/2007
CT Log Number 512859256

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

TO:     Michael A James
        Cigna Companies
        TL21A, Two Liberty Place
        1601 Chestnut Street
        Philadelphia, PA 19192

                                                                    *M. James*
                                                                    *DEC 7*

RE:     **Process Served in California**

FOR:    Life Insurance Company of North America (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Valerie Zgonc, Pltf. vs. The Life Insurance Company of North America, et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice to Plaintiff, Attachments, Case Management Statement, Stipulation Form, Civil Case Cover Sheet |
| **COURT/AGENCY:** | San Francisco County- San Francisco, Superior Court, CA Case # CGC07469133 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for disability benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/05/2007 at 14:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // April 11, 2008 at 9:00 a.m. -Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Terrence J. Coleman Pillsbury & Levinson, LLP The Transamerica Pyramid 600 Montgomery Street 31st Floor San Francisco, CA 94111 415-433-8000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 790398193082 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / CP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

12/5/07
2:40 pm

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE LIFE INSURANCE COMPANY OF NORTH AMERICA; THE
VENTYX, INC. LONG TERM DISABILITY PLAN; and DOES 1
through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VALERIE ZGONC

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA. 94102

CASE NUMBER:
*(Número del Caso):* CGC 07 - 469133

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terrence J. Coleman, Esq., SBN 172183, Pillsbury & Levinson LLP
600 Montgomery Street, 31st Floor, San Francisco, CA 94111, 415/433-8000, Fax: 415/433-4816

DATE:
*(Fecha)* NOV 1 3 2007

GORDON PARK-LI
Clerk,
*(Secretario)*

, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* THE LIFE INSURANCE COMPANY OF NORTH AMERICA

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

1    Terrence J. Coleman    (State Bar No. 172183)
     Brian H. Kim (State Bar No. 215492)
2    PILLSBURY & LEVINSON, LLP
     The Transamerica Pyramid
3    600 Montgomery Street, 31st Floor
     San Francisco, California 94111
4    Telephone: (415) 433-8000
     Facsimile: (415) 433-4816
5    E-mail: tcoleman@pillsburylevinson.com
6

7    Attorneys for Plaintiff,
8    VALERIE ZGONC,

9

10                  IN THE SUPERIOR COURT OF CALIFORNIA

11            IN AND FOR THE COUNTY OF SAN FRANCISCO

                                                    CGC-07- 469133
12   VALERIE ZGONC,                    )    Case No:
                                       )
13                  Plaintiff,         )    COMPLAINT FOR RECOVERY OF
                                       )    EMPLOYEE BENEFITS; BREACH
14   v.                                )    OF FIDUCIARY DUTY;
                                       )    EQUITABLE RELIEF; and FAILURE
15   THE LIFE INSURANCE COMPANY OF     )    TO PRODUCE DOCUMENTS
16   NORTH AMERICA; THE VENTYX, INC.   )
     LONG TERM DISABILITY PLAN; and    )
17   DOES 1 through 20, inclusive,     )    JURY TRIAL DEMANDED
                                       )
18                  Defendants.        )
                                       )
19   ─────────────────────────────────

20

21   Plaintiff alleges on information and belief as follows:

22                       GENERAL ALLEGATIONS

23        1.    Plaintiff VALERIE ZGONC is an individual currently residing in the

24   State of Missouri, who at all relevant times was residing in the State of California.

25        2.    Defendant THE LIFE INSURANCE COMPANY OF NORTH

26

27   AMERICA ("LINA") was and is a business entity authorized to transact business

     in the State of California, including the sale, issuance and administration of
28
                                          1
─────────────────────────────────────────────────────────────
COMPLAINT                                        Case No.

1  disability insurance and plan benefits.

2      3.      Defendant THE VENTYX, INC. LONG-TERM DISABILITY PLAN

3  ("the Plan") is a long-term disability plan that was offered by INDUS

4  INTERNATIONAL, INC., Plaintiff's former employer and the predecessor of

5  VENTYX, INC. The Plan is an employee welfare benefit plan governed by the

6  Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

7  LINA was and remains the de facto plan administrator and fiduciary of the Plan.

8      4.      Plaintiff is ignorant of the true names and capacities of Defendants

9  sued herein as DOES 1 through 20, inclusive, and therefore sues these

10  Defendants by said fictitious names. Plaintiff will amend this Complaint to allege

11  their true names and capacities when they have been ascertained.

12      5.      At all relevant times, Plaintiff was employed in San Francisco,

13  California as a loan consultant for INDUS INTERNATIONAL, INC. and as such

14  was enrolled in the Plan which it offered and which was insured through a group

15  disability contract issued by LINA, Policy No. SLK0030007.

16      6.      At all material times hereto, Plaintiff was insured under the Plan.

17  Under the Plan and California law governing the definition of total disability,

18  LINA promised, in relevant part, to pay monthly benefits in the event that she

19  became unable to perform with reasonable continuity in the usual and

20  customary manner the material and substantial duties of any gainful occupation

21  for which she was reasonably fitted by reason of her training, education,

22  experience and station in life.

23      7.      At all material times herein, Plaintiff complied with all the material

24  provisions pertaining to the Plan and/or compliance was waived by Defendants.

25  While the Plan was in full force and effect, Plaintiff became disabled and entitled

26  to benefits under the terms of the Plan as a result of, *inter alia,* bilateral carpal

27  tunnel syndrome, chondromalacia in both knees necessitating multiple surgeries,

28

COMPLAINT                                                      Case No._____

1    sacroiliitis and arthritis in the back, and severe pain and weakness. Plaintiff has

2    been, remains, and will be unable to perform the substantial and material duties

3    of any gainful occupation.

4         8.    Shortly after becoming disabled, Plaintiff timely applied for

5    disability benefits under the Plan.

6         9.    After submitting her claim for benefits, LINA paid monthly

7    disability benefits for an extended period of time. Without conducting any

8    reasonable or thorough investigation and without any evidence or information

9    that Plaintiff's conditions had improved to allow a return to gainful employment,

10   LINA wrongfully terminated benefits in or about January 9, 2006.

11        10.    Thereafter, through counsel, Plaintiff timely appealed LINA'S

12   termination of benefits and provided additional and overwhelming evidence in

13   support of her physical impairments and continuing and permanent disability.

14        11.    In letters dated April 20, 2006 and August 1, 2007, LINA purported

15   to deny Plaintiff's appeals and maintained its denial of benefits.

16        12.    As a direct and proximate result of the aforementioned acts of

17   Defendants, and each of them, Plaintiff suffered damages as outlined below.

18        13.    As the result of the actions of Defendants, and each of them,

19   Plaintiff has been improperly denied disability benefits together with interest

20   thereon and has suffered further and severe economic hardship and emotional

21   distress.

22        14.    As a further result of the actions of Defendants, and each of them,

23   Plaintiff has been forced to engage the services of legal counsel for the purpose

24   of obtaining her insurance benefits.

25                      **FIRST CAUSE OF ACTION**
                      Recovery Of Employee Benefits
26            (Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

27        15.    Plaintiff realleges and incorporates by reference herein Paragraphs

28

---

COMPLAINT                          3                          Case No. ____

1 through 14 of this Complaint as though fully set forth herein.

16.    At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits.

17.    At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

18.    While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan.

19.    LINA, however, terminated Plaintiff's claim for benefits and has refused and continues to refuse to make monthly disability payments to Plaintiff. Plaintiff appealed LINA's termination of benefits and exhausted her administrative remedies.  The appeals were denied by letters dated April 20, 2006 and August 1, 2007.

20.    Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were arbitrary and capricious.  At all material times herein, Defendants, and each of them, failed and refused to honor the Plan.  Defendants are liable for all benefits due under the Plan and LINA's policy, which have been improperly withheld from Plaintiff.  Plaintiff's physical conditions are permanent. Accordingly, Plaintiff is and will continue to be entitled to monthly disability benefits through the applicable maximum benefit period of the Plan.

21.    As a proximate result of Defendants' actions, Plaintiff has been deprived of her disability benefits to which she was and is entitled and has suffered damage as set forth in Paragraphs 12-14 above.  Plaintiff further seeks a declaration as to her entitlement to future benefits, to wit: an injunction prohibiting Defendants from terminating her benefits until the end of the

---

COMPLAINT                                         4                                    Case No.____

1   maximum benefit period or such other declaration the Court deems proper.

2                            SECOND CAUSE OF ACTION
3                              Breach of Fiduciary Duty
                             (Against LINA and Does 11-20;
4                    29 U.S.C. §§1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))

5       22.   Plaintiff realleges and incorporates by reference herein paragraphs
6   1 through 21 of this Complaint as though fully set forth herein.

7       23.   At all material times herein, Defendants, and each of them, were
8   fiduciaries with respect to their exercise of authority over the management of the
9   Plan, disposition of Plan assets, and administration of the Plan.

10      24.   Plaintiff asserts a breach of fiduciary duty against LINA as an
11  individual Plan participant and on behalf of all other the participants and
12  beneficiaries of the Plan.

13      25.   Plaintiff asserts that a claim for benefits due under the Plan does
14  not provide her with an adequate remedy at law in light of LINA'S continuing
15  course of conduct in violating the terms of the Plan and applicable law as
16  described below.

17      26.   Defendants, and each of them, were obliged to discharge their
18  duties solely in the interests of beneficiaries and participants for the exclusive
19  purpose of providing beneficiaries and participants benefits, defraying
20  reasonable expenses of the Plan, using all prudent skill and diligence in
21  accordance with the documents and instruments governing the Plan.

22      27.   At all material times herein, Defendants, and each of them, violated
23  these duties by, *inter alia*, the following:

24            A.   Consciously and unreasonably failing to investigate or
25                 evaluate Plaintiff's claim, and related claims and/or similar
26                 claims, fairly or in good faith, but, on the other hand,
27                 utilizing the information available to it in a manner
28                 calculated to provide it with a wrongful but plausible

5

COMPLAINT                                                          Case No. _____

1    sounding justification to deny benefits;

2    B.    Consciously and unreasonably setting out to create a

3    plausible sounding basis upon which to deny Plaintiff's

4    claim, and related claims and/or similar claims, and seeking

5    to obtain information calculated to permit it to claim that it

6    had a plausible sounding basis upon which to deny

7    Plaintiff's benefits;

8    C.    Consciously and unreasonably abusing its right to have

9    Plaintiff's purported physical condition examined as a

10   means to obtain a plausible basis to justify denial of benefits

11   rather than to fairly assess Plaintiff's disability, as

12   Defendants did with similar and/or related claims;

13   D.    Consciously and unreasonably failing to investigate all bases

14   upon which to pay and honor Plaintiff's claim, and related

15   claims and/or similar claims, for benefits and consciously

16   and unreasonably failing to investigate all bases to support

17   coverage;

18   E.    Consciously and unreasonably delaying, refusing, and

19   continuing to refuse to pay Plaintiff benefits, and related

20   claims and/or similar claims for benefits, properly payable

21   under the Plan and to deprive Plaintiff of her rightful

22   benefits with the knowledge that said delays and denials

23   were and are wrongful and contrary to their obligations

24   under the Plan and the law;

25   F.    Consciously and unreasonably failing to investigate

26   Plaintiff's claim, and related claims and/or similar claims,

27   fairly and in good faith and refusing to give Plaintiff's

28

6

interests or the interests of the Plan at least as much consideration as they gave their own;

G.    Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's claim, and related claims and/or similar claims, under the Plan;

H.    Consciously and unreasonably interpreting the Plan in a manner designed to deny benefits and in a manner which thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its owns profits and minimize the benefits it pays claimants;

I.    Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim is payable and with the intent of saving them money at Plaintiff's expense. In particular, LINA has had and continues to have full knowledge that Plaintiff is disabled and entitled to total disability benefits under the Plan, but has nevertheless refused to pay and honor Plaintiff's known legitimate claim; and

J.    Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, the review of denied claims, and required production of relevant documents.

28.    As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in Paragraphs 12 through 14 above. In addition, Plaintiff

1   seeks appropriate equitable relief from the Defendants, and each of them, by

2   being placed in the position she would have been in had Defendants not

3   breached the duties described herein, and had she been paid the benefits to

4   which she is entitled, including any and all benefits, interest, attorneys' fees and

5   other losses resulting from Defendants' breach.

**THIRD CAUSE OF ACTION**
Equitable Relief
(Against LINA, and DOES 11-20 ; 29 U.S.C. §1132(a)(3))

8       29.    Plaintiff realleges and incorporates by reference herein Paragraphs

9   1 through 28 of this Complaint as though fully set forth herein.

10      30.    Defendants habitually violated their fiduciary duties in failing to act

11  in accordance with the documents governing the Plan, failing to use all prudent

12  skill and failing to uphold their duty of loyalty to act solely in the interest of the

13  participants and beneficiaries of the Plan, and failing to properly evaluate

14  Plaintiff's claim, among others, for benefits.

15      31.    Plaintiff further alleges that Defendants, and each of them, have

16  breached their fiduciary duties by misapplying, misinterpreting and/or ignoring

17  relevant provisions of the Plan by, and hereby further requests a judgment

18  permanently enjoining Defendants from interpreting the Plan in the following

19  ways:

20      A.      From denying benefits based upon an interpretation of

21              "total disability" different from that required under

22              applicable law and the Plan, including the requirement that a

23              claimant be unable to work with reasonable continuity in the

24              usual and customary way; and

25      B.      From failing to obtain input from unbiased medical

26              consultants who are appropriately trained and experienced

27              in the conditions that are the subject of the claim;

8

1    32.    Plaintiff further requests judgment permanently enjoining

2    Defendants from ever again serving as a fiduciary with respect to the Plan,

3    together with attorneys' fees and costs.

4    33.    In addition, Plaintiff seeks appropriate equitable relief from the

5    Defendants, and each of them, and seeks an order by this Court that her total

6    disability benefits be reinstated, that Defendants be enjoined from terminating

7    benefits for the duration of the applicable maximum benefit period under the

8    Plan, and that she be placed in the position she would have been in had she been

9    paid the benefits to which she is entitled, including, without limitation, interest,

10   attorneys fees and other losses resulting from Defendants' breach.

11   WHEREFORE, Plaintiff prays as follows:

12   1.    For a determination that Plaintiff is entitled to receive benefits

13   under the Plan and an injunction mandating the payment of benefits to Plaintiff

14   for the maximum benefit period under the Plan;

15   2.    For damages according to proof;

16   3.    For general damages according to proof;

17   4.    For civil penalties as set forth above;

18   5.    For attorneys' fees and costs of suit incurred herein;

19   6.    For interest;

20   7.    For equitable and injunctive relief as set forth above; and

21   8.    For such other and further relief as the Court may find

22   appropriate.

23   **JURY TRIAL IS HEREBY DEMANDED**

24   DATED: November 13, 2007          PILLSBURY & LEVINSON, LLP

25

26                                  By: _____

27                                      Terrence J. Coleman, Esq.
                                        Attorneys for Plaintiff,
28                                      VALERIE ZGONC

COMPLAINT                           9                          Case No.

1    Terrence J. Coleman    (State Bar No. 172183)
2    Brian H. Kim (State Bar No. 215492)
     PILLSBURY & LEVINSON, LLP
3    The Transamerica Pyramid
     600 Montgomery Street, 31st Floor
4    San Francisco, California 94111
     Telephone: (415) 433-8000
5    Facsimile: (415) 433-4816
     E-mail: tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com
6
7
     Attorneys for Plaintiff,
8    VALERIE ZGONC,
9
10              IN THE SUPERIOR COURT OF CALIFORNIA
11           IN AND FOR THE COUNTY OF SAN FRANCISCO
12   VALERIE ZGONC,                    )   Case No. 469133
                                       )
13              Plaintiff,             )   FIRST AMENDED COMPLAINT
                                       )   FOR RECOVERY OF EMPLOYEE
14   v.                                )   BENEFITS; BREACH OF
                                       )   FIDUCIARY DUTY; EQUITABLE
15   THE LIFE INSURANCE COMPANY OF     )   RELIEF; and FAILURE TO
16   NORTH AMERICA; THE INDUS          )   PRODUCE DOCUMENTS
     INTERNATIONAL, INC. LONG TERM     )
17   DISABILITY PLAN; THE VENTYX, INC. )
     LONG TERM DISABILITY PLAN; and    )   JURY TRIAL DEMANDED
18   DOES 1 through 20, inclusive,     )
                                       )
19                                     )
              Defendants.              )
20   _____       )
21
22      Plaintiff alleges on information and belief as follows:
23              GENERAL ALLEGATIONS
24      1.    Plaintiff VALERIE ZGONC is an individual currently residing in the
25   State of Missouri, who at all relevant times was residing in the State of California.
26      2.    Defendant THE LIFE INSURANCE COMPANY OF NORTH
27   AMERICA ("LINA") was and is a business entity authorized to transact business
28

                                       1

1  in the State of California, including the sale, issuance and administration of

2  disability insurance and plan benefits.

3      3.    Defendant THE INDUS INTERNATIONAL, INC. LONG TERM

4  DISABILITY PLAN ("the Plan") is a long-term disability plan that was offered by

5  INDUS INTERNATIONAL, INC., Plaintiff's former employer. Plaintiff is

6  informed and believes and thereon alleges that the Plan has been renamed THE

7  VENTYX, INC. LONG TERM DISABILITY PLAN upon the creation of VENTYX,

8  INC. in early 2007 through the combination of INDUS INTERNATIONAL, INC.

9  and MOBILE DATA SOLUTIONS, INC. Plaintiff thus names THE VENTYX, INC.

10  LONG TERM DISABILITY PLAN as a Defendant in this action. The Plan was and

11  is an employee welfare benefit plan governed by the Employee Retirement

12  Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). LINA was and remains

13  the de facto plan administrator and fiduciary of the Plan.

14      4.    Plaintiff is ignorant of the true names and capacities of Defendants

15  sued herein as DOES 1 through 20, inclusive, and therefore sues these

16  Defendants by said fictitious names. Plaintiff will amend this Complaint to allege

17  their true names and capacities when they have been ascertained.

18      5.    At all relevant times, Plaintiff was employed in San Francisco,

19  California as a loan consultant for INDUS INTERNATIONAL, INC., and as such

20  was enrolled in the Plan which it offered and which was insured through a group

21  disability contract issued by LINA, Policy No. SLK0030007.

22      6.    At all material times hereto, Plaintiff was insured under the Plan.

23  Under the Plan and California law governing the definition of total disability,

24  LINA promised, in relevant part, to pay monthly benefits in the event that she

25  became unable to perform with reasonable continuity in the usual and

26  customary manner the material and substantial duties of any gainful occupation

27  for which she was reasonably fitted by reason of her training, education,

28

2

FIRST AMENDED COMPLAINT                           Case No. CGC 07-469133

1    experience and station in life.

2        7.    At all material times herein, Plaintiff complied with all the material

3    provisions pertaining to the Plan and/or compliance was waived by Defendants.

4    While the Plan was in full force and effect, Plaintiff became disabled and entitled

5    to benefits under the terms of the Plan as a result of, *inter alia*, bilateral carpal

6    tunnel syndrome, chondromalacia in both knees necessitating multiple surgeries,

7    sacroiliitis and arthritis in the back, and severe pain and weakness.  Plaintiff has

8    been, remains, and will be unable to perform the substantial and material duties

9    of any gainful occupation.

10        8.    Shortly after becoming disabled, Plaintiff timely applied for

11    disability benefits under the Plan.

12        9.    After submitting her claim for benefits, LINA paid monthly

13    disability benefits for an extended period of time.  Without conducting any

14    reasonable or thorough investigation and without any evidence or information

15    that Plaintiff's conditions had improved to allow a return to gainful employment,

16    LINA wrongfully terminated benefits in or about January 9, 2006.

17        10.    Thereafter, through counsel, Plaintiff timely appealed LINA'S

18    termination of benefits and provided additional and overwhelming evidence in

19    support of her physical impairments and continuing and permanent disability.

20        11.    In letters dated April 20, 2006 and August 1, 2007, LINA purported

21    to deny Plaintiff's appeals and maintained its denial of benefits.

22        12.    As a direct and proximate result of the aforementioned acts of

23    Defendants, and each of them, Plaintiff suffered damages as outlined below.

24        13.    As the result of the actions of Defendants, and each of them,

25    Plaintiff has been improperly denied disability benefits together with interest

26    thereon and has suffered further and severe economic hardship and emotional

27    distress.

28

3

FIRST AMENDED COMPLAINT                                       Case No. CGC 07-469133

14. As a further result of the actions of Defendants, and each of them, Plaintiff has been forced to engage the services of legal counsel for the purpose of obtaining her insurance benefits.

## FIRST CAUSE OF ACTION
### Recovery Of Employee Benefits
(Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

15. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits.

17. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

18. While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan.

19. LINA, however, terminated Plaintiff's claim for benefits and has refused and continues to refuse to make monthly disability payments to Plaintiff. Plaintiff appealed LINA's termination of benefits and exhausted her administrative remedies. The appeals were denied by letters dated April 20, 2006 and August 1, 2007.

20. Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are liable for all benefits due under the Plan and LINA's policy, which have been improperly withheld from Plaintiff. Plaintiff's physical conditions are permanent. Accordingly, Plaintiff is and will continue to be entitled to monthly disability

6

1  benefits through the applicable maximum benefit period of the Plan.

2      21.   As a proximate result of Defendants' actions, Plaintiff has been

3  deprived of her disability benefits to which she was and is entitled and has

4  suffered damage as set forth in Paragraphs 12-14 above.  Plaintiff further seeks a

5  declaration as to her entitlement to future benefits, to wit:  an injunction

6  prohibiting Defendants from terminating her benefits until the end of the

7  maximum benefit period or such other declaration the Court deems proper.

8                     SECOND CAUSE OF ACTION
9                     Breach of Fiduciary Duty
                     (Against LINA and Does 11-20;
10        29 U.S.C. §§1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))

11     22.   Plaintiff realleges and incorporates by reference herein paragraphs

12  1 through 21 of this Complaint as though fully set forth herein.

13     23.   At all material times herein, Defendants, and each of them, were

14  fiduciaries with respect to their exercise of authority over the management of the

15  Plan, disposition of Plan assets, and administration of the Plan.

16     24.   Plaintiff asserts a breach of fiduciary duty against LINA as an

17  individual Plan participant and on behalf of all other the participants and

18  beneficiaries of the Plan.

19     25.   Plaintiff asserts that a claim for benefits due under the Plan does

20  not provide her with an adequate remedy at law in light of LINA'S continuing

21  course of conduct in violating the terms of the Plan and applicable law as

22  described below.

23     26.   Defendants, and each of them, were obliged to discharge their

24  duties solely in the interests of beneficiaries and participants for the exclusive

25  purpose of providing beneficiaries and participants benefits, defraying

26  reasonable expenses of the Plan, using all prudent skill and diligence in

27  accordance with the documents and instruments governing the Plan.

28     27.   At all material times herein, Defendants, and each of them, violated

                                5

these duties by, *inter alia,* the following:

    A.   Consciously and unreasonably failing to investigate or evaluate Plaintiff's claim, and related claims and/or similar claims, fairly or in good faith, but, on the other hand, utilizing the information available to it in a manner calculated to provide it with a wrongful but plausible sounding justification to deny benefits;

    B.   Consciously and unreasonably setting out to create a plausible sounding basis upon which to deny Plaintiff's claim, and related claims and/or similar claims, and seeking to obtain information calculated to permit it to claim that it had a plausible sounding basis upon which to deny Plaintiff's benefits;

    C.   Consciously and unreasonably abusing its right to have Plaintiff's purported physical condition examined as a means to obtain a plausible basis to justify denial of benefits rather than to fairly assess Plaintiff's disability, as Defendants did with similar and/or related claims;

    D.   Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits and consciously and unreasonably failing to investigate all bases to support coverage;

    E.   Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and/or similar claims for benefits, properly payable under the Plan and to deprive Plaintiff of her rightful

6

1    benefits with the knowledge that said delays and denials

2    were and are wrongful and contrary to their obligations

3    under the Plan and the law;

4    F.    Consciously and unreasonably failing to investigate

5    Plaintiff's claim, and related claims and/or similar claims,

6    fairly and in good faith and refusing to give Plaintiff's

7    interests or the interests of the Plan at least as much

8    consideration as they gave their own;

9    G.    Consciously and unreasonably failing to adopt and

10    implement reasonable or proper standards applicable to the

11    prompt and fair investigation, processing and adjudication

12    of Plaintiff's claim, and related claims and/or similar claims,

13    under the Plan;

14    H.    Consciously and unreasonably interpreting the Plan in a

15    manner designed to deny benefits and in a manner which

16    thwarts the reasonable expectations of the Plan's

17    beneficiaries and participants in order to maximize its owns

18    profits and minimize the benefits it pays claimants;

19    I.    Consciously and unreasonably refusing to pay Plaintiff's

20    claim, and related claims and/or similar claims, with the

21    knowledge that Plaintiff's claim is payable and with the

22    intent of saving them money at Plaintiff's expense.  In

23    particular, LINA has had and continues to have full

24    knowledge that Plaintiff is disabled and entitled to total

25    disability benefits under the Plan, but has nevertheless

26    refused to pay and honor Plaintiff's known legitimate claim;

27    and

28

7

J.     Consciously and unreasonably failing to follow the terms of
the Plan and applicable regulations governing the
administration of claims, the review of denied claims, and
required production of relevant documents.

28.    As a proximate result of Defendants' actions, Plaintiff has been
damaged as set forth in Paragraphs 12 through 14 above. In addition, Plaintiff
seeks appropriate equitable relief from the Defendants, and each of them, by
being placed in the position she would have been in had Defendants not
breached the duties described herein, and had she been paid the benefits to
which she is entitled, including any and all benefits, interest, attorneys' fees and
other losses resulting from Defendants' breach.

## THIRD CAUSE OF ACTION
### Equitable Relief
(Against LINA, and DOES 11-20 ; 29 U.S.C. §1132(a)(3))

29.    Plaintiff realleges and incorporates by reference herein Paragraphs
1 through 28 of this Complaint as though fully set forth herein.

30.    Defendants habitually violated their fiduciary duties in failing to act
in accordance with the documents governing the Plan, failing to use all prudent
skill and failing to uphold their duty of loyalty to act solely in the interest of the
participants and beneficiaries of the Plan, and failing to properly evaluate
Plaintiff's claim, among others, for benefits.

31.    Plaintiff further alleges that Defendants, and each of them, have
breached their fiduciary duties by misapplying, misinterpreting and/or ignoring
relevant provisions of the Plan by, and hereby further requests a judgment
permanently enjoining Defendants from interpreting the Plan in the following
ways:

A.     From denying benefits based upon an interpretation of
"total disability" different from that required under

FIRST AMENDED COMPLAINT                    8                        Case No. CGC 07-469183

1    applicable law and the Plan, including the requirement that a

2    claimant be unable to work with reasonable continuity in the

3    usual and customary way; and

4    B.    From failing to obtain input from unbiased medical

5    consultants who are appropriately trained and experienced

6    in the conditions that are the subject of the claim;

7    32.    Plaintiff further requests judgment permanently enjoining

8    Defendants from ever again serving as a fiduciary with respect to the Plan,

9    together with attorneys' fees and costs.

10    33.    In addition, Plaintiff seeks appropriate equitable relief from the

11    Defendants, and each of them, and seeks an order by this Court that her total

12    disability benefits be reinstated, that Defendants be enjoined from terminating

13    benefits for the duration of the applicable maximum benefit period under the

14    Plan, and that she be placed in the position she would have been in had she been

15    paid the benefits to which she is entitled, including, without limitation, interest,

16    attorneys' fees and other losses resulting from Defendants' breach.

17    WHEREFORE, Plaintiff prays as follows:

18    1.    For a determination that Plaintiff is entitled to receive benefits

19    under the Plan and an injunction mandating the payment of benefits to Plaintiff

20    for the maximum benefit period under the Plan;

21    2.    For damages according to proof;

22    3.    For general damages according to proof;

23    4.    For civil penalties as set forth above;

24    5.    For attorneys' fees and costs of suit incurred herein;

25    6.    For interest;

26    7.    For equitable and injunctive relief as set forth above; and

27    8.    For such other and further relief as the Court may find

28

9

appropriate.

JURY TRIAL IS HEREBY DEMANDED

DATED: November 15, 2007

PILLSBURY & LEVINSON, LLP

By: _____

Brian H. Kim, Esq.
Attorneys for Plaintiff,
VALERIE ZGONC

CASE NUMBER: CGC-07-469133  VALERIE ZGONE VS. THE LIFE INSURANCE COMPANY O

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    APR-11-2008

TIME:    9:00AM

PLACE:    Department 212
400 McAllister Street
San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

Superior Court of California
County of San Francisco

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)    Judicial Arbitration
2)    Mediation
3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

ADR-1  10/07 (ja)

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4; all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 provides **three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-1   10/07 (ja)                                                              Page 6

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1  10/07 (jw)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |

TELEPHONE NO.:  FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

## CASE MANAGEMENT STATEMENT

(Check one):  ☐ UNLIMITED CASE   ☐ LIMITED CASE
(Amount demanded   (Amount demanded is $25,000
exceeds $25,000)   or less)

CASE NUMBER:

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:          Time:          Dept.:          Div.:          Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]
CASE MANAGEMENT STATEMENT
Page 1 of 4
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☐ a jury trial  ☐ a nonjury trial    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐ The case has gone to an ADR process *(indicate status):*

|  |  |
|---|---|
| PLAINTIFF/PETITIONER: | CM-110 |
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

10. d. The party or parties are willing to participate in (check all that apply):

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other (specify):

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

   ☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement (name):

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

   ☐ Bankruptcy ☐ Other (specify):
Status:

**14. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

     (1) Name of case:

     (2) Name of court:

     (3) Case number:

     (4) Status:

     ☐ Additional cases are described in Attachment 14a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**15. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**

Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant |  |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ Private Mediation     ☐    Mediation Services of BASF    ☐   Judicial Mediation
☐ Binding arbitration                                           Judge _____
☐ Non-binding judicial arbitration                        Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |  | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |  | Dated: _____ |

☐ **Additional signature(s) attached**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):* <br> Terrence J. Coleman, Esq. SBN 172183 <br> ─ Pillsbury & Levinson, LLP <br> 600 Montgomery Street, 31st Floor, San Francisco, CA 94111 <br> **TELEPHONE NO.:** 415/433-8000    **FAX NO.:** 415/433-4816 <br> **ATTORNEY FOR** *(Name):* Plaintiff Valerie Zgonc <br> **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco <br> **STREET ADDRESS:** <br> **MAILING ADDRESS:** 400 McAllister Street <br> **CITY AND ZIP CODE:** San Francisco, CA 94111 <br> **BRANCH NAME:** | *FOR COURT USE ONLY* <br> ENDORSED <br> **F I L E D** <br> San Francisco County Superior Court <br><br> **NOV 1 3 2007** <br><br> GORDON PARK-LI, Clerk <br> BY: CRISTINA E. BAUTISTA <br> Deputy Clerk |

| CASE NAME: <br> Valerie Zgonc, Plaintiff, vs. The Life Insurance Co., etal., Defendants | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** <br> [✓] Unlimited    [ ] Limited <br> (Amount      (Amount <br> demanded    demanded is <br> exceeds $25,000)   $25,000 or less) | **Complex Case Designation** <br> [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 1811) | CASE NUMBER: <br> CGC-07-469133 <br> JUDGE: <br> DEPT: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [✓] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 1800–1812)** |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) |     condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) |    types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
Date: November 13, 2007

Terrence J. Coleman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2003] | **CIVIL CASE COVER SHEET** <br> American LegalNet, Inc. <br> www.USCourtForms.com | Cal. Rules of Court, rules 201.8, 1800–1812; <br> Standards of Judicial Administration, § 19 <br> www.courtinfo.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check off five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. By a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800–1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Toxic Tort/Environmental (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Tax
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

JS 44   (Rev. 11/04)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Valerie Zgonc,

### DEFENDANTS
The Life Insurance Company of North America; The Indus International, Inc. Long Term Disability Plan; The Ventyx, Inc. Long Term Disability Plan; and Does 1 through 20, inclusive.

**(b)** County of Residence of First Listed Plaintiff   State of Missouri
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Terrence J. Coleman, Esq.
Brian H. Kim, Esq.
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery St., 3rd Fl., San Francisco, CA  94111

Attorneys (If Known)
Adrienne C. Publicover, Esq.
Dennis J. Rhodes, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA  94105

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §1332(e)(1) (Federal Questioni - ERISA)

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  0.00
CHECK YES only if demanded in complaint:
☐ JURY DEMAND:  ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____   DOCKET NUMBER _____

DATE
December 14, 2007

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

NDC-JS44

## CERTIFICATE OF SERVICE

*Valerie Zgonc v. The Life Insurance Company of North America, et al.*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

## CIVIL COVER SHEET

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→  : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Terrence J. Coleman, Esq.
Brian H. Kim, Esq.
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Tel:    (415) 433-8000
Fax:    (415) 433-4816

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **December 14, 2007**, at San Francisco, California.

_____
Nancy Li

1