```
 1  ADRIENNE C. PUBLICOVER (SBN 161432)
    DENNIS J. RHODES (SBN 168417)
 2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
 3  525 Market Street, 17th Floor
    San Francisco, CA 94105
 4  Telephone:   (415) 433-0990
    Facsimile:   (415) 434-1370
 5
    Attorneys for Defendants
 6  THE LIFE INSURANCE COMPANY
    OF NORTH AMERICA; THE INDUS
 7  INTERNATIONAL, INC. LONG TERM
    DISABILITY PLAN; THE VENTYX, INC.
 8  LONG TERM DISABILITY PLAN
 9
10
11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13
14  VALERIE ZGONC,                    )  Case No.:   CV07-06359 JL
                                      )
15            Plaintiff,              )  ANSWER OF DEFENDANTS THE
                                      )  LIFE INSURANCE COMPANY OF
16       v.                           )  NORTH AMERICA; THE INDUS
                                      )  INTERNATIONAL, INC. LONG TERM
17  THE LIFE INSURANCE COMPANY OF     )  DISABILITY PLAN; THE VENTYX,
    NORTH AMERICA; THE INDUS          )  INC. LONG TERM DISABILITY PLAN
18  INTERNATIONAL, INC. LONG TERM     )  TO PLAINTIFF'S FIRST AMENDED
    DISABILITY PLAN; THE VENTYX, INC. )  COMPLAINT
19  LONG TERM DISABILITY PLAN; and DOES 1 )
    through 20, inclusive,            )
20                                    )  Honorable James Larson
              Defendants.             )
21  _____    )
22
23       COME NOW Defendants THE INDUS INTERNATIONAL, INC. LONG TERM
24  DISABILITY PLAN, THE VENTYX, INC. LONG TERM DISABILITY PLAN and LIFE
25  INSURANCE COMPANY OF NORTH AMERICA ("LINA") (collectively referred to as
26
```

1

ANSWER OF DEFENDANTS THE LIFE INSURANCE COMPANY OF NORTH AMERICA; THE INDUS
INTERNATIONAL, INC. LONG TERM DISABILITY PLAN; THE VENTYX, INC. LONG TERM
DISABILITY PLAN TO PLAINTIFF'S FIRST AMENDED COMPLAINT
USDC NDCA Case #CV07-06359 JL
319304.1

"Defendants"), for themselves and themselves alone, and answer the allegations in the First Amended Complaint ("Complaint"), by Plaintiff, Valerie Zgonc ("Plaintiff"), as follows:

Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets forth a claim for relief shall provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The Complaint violates these provisions as it contains partial quotes and unnecessary advocacy. In answering the Complaint, Defendants only are required to address the averments upon which Plaintiff relies to allegedly state a claim.

## ANSWER TO GENERAL ALLEGATIONS

1. In response to Paragraph 1 of the Complaint, Defendants admit the allegations of said paragraph.

2. In response to Paragraph 2 of the Complaint, Defendants admit the allegations of said paragraph.

3. In response to Paragraph 3 of the Complaint, Defendants admit that the Indus International, Inc. Long Term Disability Plan ("the Plan"), is a long term disability plan offered by Indus International, Inc., Plaintiff's former employer. Defendants admit that Plaintiff has named Ventyx as a defendant in the action and that the Plan is an employee welfare benefit plan governed by ERISA. LINA admits that it is the claim administrator of the Plan. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations in said Paragraph.

4. In response to Paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny the remaining allegations in said Paragraph.

5. In response to Paragraph 5 of the Complaint, Defendants admit the allegations of said Paragraph.

6. In response to Paragraph 6 of the Complaint, Defendants admit that Plaintiff was insured under the Plan. Defendants also admit that LINA issued the relevant Policy at issue, the terms of which speak for themselves. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations in said Paragraph.

7. In response to Paragraph 7 of the Complaint, Defendants deny the allegations of said paragraph.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Plaintiff applied for disability benefits under the Plan. Defendants deny the remaining allegations in said Paragraph.

9. In response to Paragraph 9 of the Complaint, Defendants admit that LINA initially paid benefits to Plaintiff. Defendants deny the remaining allegations in said Paragraph.

10. In response to Paragraph 10 of the Complaint, Defendants admit that Plaintiff appealed the decision to terminate benefits through her counsel. Defendants deny the remaining allegations in said Paragraph.

11. In response to Paragraph 11 of the Complaint, Defendants admit that there are two letters dated April 20, 2006 and August 1, 2006, the terms of which speak for themselves. Defendants deny the remaining allegations in said Paragraph.

12. In response to Paragraph 12 of the Complaint, Defendants deny the allegations in said Paragraph.

13. In response to Paragraph 13 of the Complaint, Defendants deny the allegations in said Paragraph.

14. In response to Paragraph 14 of the Complaint, Defendants deny the allegations in said Paragraph.

### ANSWER TO FIRST CAUSE OF ACTION

15. In response to Paragraph 15 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 – 14 of the Complaint as though fully set forth herein.

16. In response to Paragraph 16 of the Complaint, Defendants admit that LINA was responsible for administering Plaintiff's claim and that Plaintiff was a beneficiary under the Plan. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the remaining allegations in said Paragraph.

17. In response to Paragraph 17 of the Complaint, Defendants deny the allegations in said Paragraph.

18. In response to Paragraph 18 of the Complaint, Defendants deny the allegations in said Paragraph.

19. In response to Paragraph 19 of the Complaint, Defendants admit that LINA terminated benefits and therefore does not provide monthly benefits to Plaintiff. LINA denies that Plaintiff is entitled to benefits under the Plan. LINA admits that Plaintiff appealed the decision to terminate benefits, that it sent Plaintiff letters dated April 20, 2006 and August 1, 2007, the terms of which speak for themselves. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations in said Paragraph.

20. In response to Paragraph 20 of the Complaint, Defendants deny the allegations in said Paragraph.

21. In response to Paragraph 21 of the Complaint, Defendants admit that Plaintiff seeks a declaration of her rights under the Plan and an injunction prohibiting Defendants from

terminating benefits until the end of the maximum benefit period. Defendants deny the remaining allegations in said Paragraph.

## ANSWER TO SECOND CAUSE OF ACTION

22. In response to Paragraph 22 of the Complaint, Defendants incorporate by references their responses to Paragraphs 1 – 21 of the Complaint, inclusive.

23. In response to Paragraph 23 of the Complaint, the allegation that Defendant is a fiduciary is a conclusion of law that Defendants do not have to admit or deny under FRCP 8.

24. In response to Paragraph 24 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations in said Paragraph.

25. In response to Paragraph 25 of the Complaint, Defendants deny the allegations in said Paragraph.

26. In response to Paragraph 26 of the Complaint, the allegations that Defendants had fiduciary obligations and duties are conclusions of law which Defendants do not have to admit or deny under FRCP 8.

27. In response to Paragraph 27 of the Complaint, Defendants deny all the allegations of said Paragraph including its subparts.

28. In response to Paragraph 28 of the Complaint, Defendants admit that Plaintiff seeks equitable relief. Defendants deny the remaining allegations in said Paragraph.

## ANSWER TO THIRD CAUSE OF ACTION

29. In response to Paragraph 29 of the Complaint, LINA incorporates by reference its responses to paragraphs 1 – 28 inclusive.

30. In response to Paragraph 30 of the Complaint, LINA denies the allegations of said Paragraph.

31. In response to paragraph 31 of the Compliant, LINA denies each and every allegation contained in said Paragraph, including its subparts, and that plaintiff is entitled to the injunction requested.

32. In response to the allegations of paragraph 32 of the Complaint, LINA denies that Plaintiff is entitled to judgment requested therein and denies that Plaintiff is entitled to attorneys' fees and costs.

33. In response to the allegations of paragraph 33 of the Complaint, LINA denies that Plaintiff is entitled to the equitable relief requested therein.

## ANSWER TO PRAYER FOR RELIEF

34. In response to Paragraph 1 of the Prayer, Defendants deny that Plaintiff is entitled to any of the relief requested therein.

35. In response to Paragraph 2 of the Prayer, Defendants deny that plaintiff is entitled to damages.

36. In response to Paragraph 3 of the Prayer, Defendants deny that plaintiff is entitled to general damages according to proof.

37. In response to Paragraph 4 of the Prayer, Defendants deny that plaintiff is entitled to civil penalties.

38. In response to Paragraph 5 of the Prayer, Defendants deny that plaintiff is entitled to attorneys' fees and costs.

39. In response to Paragraph 6 of the Prayer, Defendants deny that plaintiff is entitled to interest.

40. In response to Paragraph 8 of the Prayer, Defendants deny that plaintiff is entitled to any other relief.

\\\

\\\

41.    WHEREFORE, Defendants prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

42.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Proper Claim Decision)

43.    The claim decision was correct and proper under the terms of the Plan.

### THIRD AFFIRMATIVE DEFENSE
(Decision Not Arbitrary or Capricious)

44.    Under the terms of the Plan, Defendants are vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the insurance policy. The claim decision is properly reviewed by the court under an arbitrary and capricious standard of review. The decision to deny Plaintiff's claim for continued long term disability benefits was not arbitrary and capricious.

### FOURTH AFFIRMATIVE DEFENSE
(Ineligibility for Coverage)

45.    Plaintiff was not eligible for coverage under the Plan as she failed to demonstrate total disability under the terms of the Policy.

### FIFTH AFFIRMATIVE DEFENSE
(Failure To Satisfy Conditions Precedent)

46.    Defendants on information and belief and on that basis allege that Plaintiff's action against Defendants is barred because plaintiff has failed to satisfy all conditions precedent to payment of benefits under the Plan sued upon.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

47. By her conduct or that of her agents, Plaintiff has waived, or is estopped to assert, every claim for relief against Defendants set forth in her Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

48. Plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

49. Plaintiff's claims are barred by principles of unjust enrichment.

### NINTH AFFIRMATIVE DEFENSE
### (Privileged and Good Faith Conduct)

50. Defendants allege that each and every act or statement done or made by Defendants, or by Defendants' agents, with reference to Plaintiff, was privileged as a good faith assertion of Defendants' legal and contractual rights.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Plan Terms)

51. Defendants assert that Plaintiff has failed to comply with the terms of the Plan that is subject of this action, and accordingly, Plaintiff's claim for benefits is barred.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

52. Defendants assert that Plaintiff's claim for benefits is time barred under the provisions of the Plan that is the subject of this action, applicable statutes of limitations and/or statutes of limitations under ERISA.

\\\

## TWELFTH AFFIRMATIVE DEFENSE
### (Entitlement to Set-Off)

53. To the extent that a court holds that Plaintiff is entitled to benefits, which Defendants deny, Defendants are entitled to a set-off for any additional other income benefits that should be taken into account in calculating her long term disability benefits, including, but not limited to, any benefits Plaintiff has received from the Social Security Administration or Workers' Compensation.

54. Defendants reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing against Defendants by reason of her Complaint on file herein, that judgment be awarded in favor of Defendants, and against Plaintiff, and that Defendants be dismissed from this action;

2. That Defendants be awarded its attorneys' fees incurred herein;

3. That Defendants be awarded its costs of suit; and

4. That the Court grant such other and further relief as it may deem just and proper.

DATED: January 15, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Dennis J. Rhodes
ADRIENNE C. PUBLICOVER
DENNIS J. RHODES
Attorneys for Defendants
BECHTEL LONG TERM DISABILITY PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA

**CERTIFICATE OF SERVICE**
*Valerie Zgonc v. The Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-06359 JL*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**ANSWER OF DEFENDANTS THE LIFE INSURANCE COMPANY OF NORTH AMERICA; THE INDUS INTERNATIONAL, INC. LONG TERM DISABILITY PLAN; THE VENTYX, INC. LONG TERM DISABILITY PLAN TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→  : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Terrence J. Coleman, Esq.                    ***Attorneys for Plaintiff***
Brian H. Kim, Esq.
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA  94111
Tel:    (415) 433-8000
Fax:   (415) 433-4816

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 15, 2008**, at San Francisco, California.

_____
Nancy Li