Terrence J. Coleman (State Bar No. 172183)
Brian H. Kim (State Bar No. 215492)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail: tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com

Attorneys for Plaintiff,
VALERIE ZGONC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE ZGONC,<br><br>Plaintiff,<br><br>v.<br><br>THE LIFE INSURANCE COMPANY OF NORTH AMERICA; THE INDUS INTERNATIONAL, INC. LONG TERM DISABILITY PLAN; THE VENTYX, INC. LONG TERM DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. CV 07-06359 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |

Pursuant to Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(a) (1), Plaintiff Valerie Zgonc ("Zgonc") and Defendants The Life Insurance Company of North America ("LINA") The Indus International, Inc. Long Term Disability Plan (the "Plan") and the Ventyx, Inc. Long Term Disability Plan jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

/ / /

/ / /

## 1. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over Plaintiff's remaining claims pursuant to 29 U.S.C. § 1132(e)(1). The parties are not aware of any issues regarding personal jurisdiction or venue at this time.

## 2. FACTS

### A. Brief Description of the Events Underlying the Action:

This action arises from the termination of Plaintiff's long term disability benefits under the Indus International, Inc. Long Term Disability Plan. LINA issued a group disability income policy to Indus International Inc., Plaintiff's former employer and the Plan sponsor that insured the Plan. Zgonc seeks relief under the Employee Retirement Income Security Act on 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., as she was insured under the Plan, an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002.

In August 2004, Plaintiff had to leave her job as a computer systems analyst at Indus International, Inc. due to multiple orthopedic medical problems including her right knee, low back, both elbows and her right shoulder.

Plaintiff filed a claim for long term disability benefits with LINA, who approved the claim and paid monthly benefits to Plaintiff until January 19, 2006, when it contended that Plaintiff was no longer disabled under the terms of the Plan and terminated benefits. Plaintiff appealed the benefits determination and LINA upheld its decision. The parties agree that Plaintiff exhausted her administrative remedies, as required under ERISA.

### B. The Principle Factual Issues Which the Parties Dispute:

There are no unresolved factual issues regarding service of process, personal jurisdiction, or subject matter jurisdiction. Plaintiff contends that the Group Policy LINA issued does not contain a reservation of discretion such that

the standard of review is *de novo* pursuant to *Firestone v. Tire & Rubber Co., v. Bruch*, 489 U.S. 101, 109 (1989).

**3.     LEGAL ISSUES**

Plaintiff contends that the Group Policy LINA issued does not contain a reservation of discretion such that the standard of review is *de novo* pursuant to *Firestone v. Tire & Rubber Co., v. Bruch*, 489 U.S. 101, 109 (1989). Accordingly, Plaintiff contends there are no significant legal issues regarding the standard of review. The Defendants take the position that the standard of review remains undetermined at this time pending LINA's receipt of the SPD.

**4.     MOTIONS**

Plaintiff contends that because the standard of review in this case is *de novo* a one-day bench trial should be set in September 2008. If Defendants intend to argue that the arbitrary and capricious standard of review applies in this case, the issue of the standard of review may need to be resolved through an expedited motion for summary judgment.

**5.     AMENDMENT OF PLEADINGS**

The parties do not anticipate adding or dismissing any parties, claims or defenses at this time, but reserve the right to do so in the future should circumstances make it necessary.

**6.     EVIDENCE PRESERVATION**

In light of the Defendants' position that the standard of review cannot be determined until receipt of the SPD, Plaintiff may or may not need to conduct discovery on Defendant LINA's conflict of interest as funding source and administrator of benefits. The parties have met and conferred and agree to preserve any and all evidence in its native electronic format as well as in a hard copy format related to the issues reasonably evident in this action until the conclusion of the case.

**7. DISCLOSURES**

The parties will serve their Initial Disclosures by March 21, 2008. The parties have agreed that Defendants will produce Plaintiff's claim file.

**8. DISCOVERY**

In light of the Defendants' position that the standard of review cannot be determined until receipt of the SPD, Plaintiff may or may not need to conduct discovery on LINA's conflict of interest in its dual role as funding source and administrator of benefits.

**9. CLASS ACTIONS**

Not applicable, as this case is not a class action.

**10. RELATED CASES**

No related cases or proceedings exist at this time.

**11. RELIEF**

Plaintiff seeks the payment of past benefits, interest and attorney's fees pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g)(1).

Plaintiff also seeks equitable relief pursuant to 29 U.S.C. § 1132(a)(3) to remedy breaches of fiduciary of duty by LINA, including but not limited to: (1) an injunction preventing LINA from denying benefits based on an interpretation of "total disability" different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way; (2) an injunction to permanently enjoin Defendants from serving as a fiduciary with respect to the Plan; (3) an injunction that enjoins Defendants from terminating benefits for the duration of the applicable maximum benefit period.

**12. SETTLEMENT AND ADR**

The parties have agreed to pursue private mediation.

/ / /

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants have not consented to a Magistrate Judge for purposes of this case.

**14. OTHER REFERENCES**

Not applicable.

**15. NARROWING OF ISSUES**

Plaintiff contends that because the standard of review in this case is *de novo* a one-day bench trial should be set in September 2008. If Defendants intend to argue that the arbitrary and capricious standard of review applies in this case, the issue of the standard of review may need to be resolved through an expedited motion for summary judgment.

**16. EXPEDITED SCHEDULE**

See Paragraph 15.

**17. SCHEDULING**

The parties propose the following scheduling dates:

Discovery cutoff: To be determined

Hearing of dispositive motions: See paragraph 15

Pretrial conference: To be determined.

Trial: To be determined.

**18. TRIAL**

The parties estimate that a trial before this Court will take approximately one court day.

It is anticipated Terence Coleman and Brian Kim will try the case for Plaintiff, and Adrienne C. Publicover and Dennis J. Rhodes will try the case for Defendants.

/ / /

/ / /

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

All parties have filed the Disclosure of Non-Party Interested Entities or Persons required by Civil Local Rule 3-16.

Dated: March 18, 2008

PILLSBURY & LEVINSON, LLP

By: ____________/s/________________
Brian H. Kim
Attorney for Plaintiff,
VALERIE ZGONC

Dated: March 18, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: _____________/s/________________
Dennis J. Rhodes
Attorneys for Defendants

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: March ___, 2008

_____________________________
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE